# UNITED STATES DISTRICT COURT
# Western District of Texas
# Austin Division

| | | |
|---|---|---|
| Brenden Levrier<br>*Plaintiff*<br><br>vs.<br><br>ProCollect Inc.<br><br>&<br><br>University Realty, Inc.<br>*Defendants*. | § § § § § § § § § § § § § | CASE NUMBER: 1:21-cv-131<br><br><br><br>**DEMAND FOR JURY TRIAL** |

## ORIGINAL COMPLAINT

1. Plaintiff Brenden Levrier sues for claims under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, and the Texas Debt Collection Act ("TDCA"), Tex. Fin. Code Chapter 392, to obtain statutory damages, injunctive relief, costs and a reasonable attorney's fee for the Defendant's violations of the FDCPA and the TDCA.

## VENUE

2. Venue is proper in the United States District Court for the Western District of Texas, Austin Division, because the acts and transactions occurred in this district and because the Defendants transact business in this district.

1

## THE PARTIES

3. Plaintiff Brenden Levrier ("**Levrier**") is an individual who resides in Travis County, Texas.

4. Defendant ProCollect Inc.. ("**ProCollect**"), may be served by serving its registered agent at:

> John W. Bowdich
> 8150 N. Central Expy
> Suite 500
> Dallas, TX 75206

5. Defendant University Realty, Inc. ("**University**") may be served by serving its registered agent at:

> Michel Issa
> 4017 Greystone
> Austin, TX 78731

## FACTUAL ALLEGATIONS

6. Levrier previously rented a duplex in Travis County, Texas.

7. University alleges it was the property owner.[1]

8. Levrier breached the lease.

9. Levrier vacated the duplex.

---

[1] Travis County real property records show the owner as 2310 Rebel Road LLC.

10. University alleged that Levrier owed nearly $19,000 for rent and fees.

11. University alleged that Levrier owed unpaid rent for September 1, 2018 until July 31, 2019.

12. University failed to mitigate its damages by using reasonable efforts to re-let the premises or it failed to accurately calculate the amount Levrier owed.

13. Levrier did not pay the debt.

14. University later placed the alleged debt to ProCollect for collection.

15. ProCollect describes itself as "one of the nation's premier debt collection agencies"[2].

16. ProCollect attempted to collect the debt from Levrier.

17. ProCollect reported information to one or more credit reporting agencies about Levrier's alleged debt.

18. Levrier feared that ProCollect's entry on his credit report would prevent him from finding safe, decent, and affordable housing.

19. Levrier disputed the debt with ProCollect.

---

[2] *See* https://procollect.com/

20. ProCollect continued attempts to collect.

21. Levrier retained counsel.

22. Through counsel, Levrier notified ProCollect in writing that the amount it was attempting to collect from Levrier was inaccurate.

23. ProCollect responded to the notice of inaccuracy by denying the inaccuracy.

24. ProCollect continued attempts to collect.

25. The alleged debt is a "debt" as that term is defined by § 1692a(5) of the FDCPA.

26. The alleged debt is a "consumer debt" as that term is defined by § 392.001(2) of the TDCA.

27. Levrier is a "consumer" as that term is defined by § 1692a(3) of the FDCPA.

28. Levrier is a "consumer" as that term is defined by § 392.001(1) of the TDCA.

29. ProCollect is a "debt collector" as defined by § 1692a(6) of the FDCPA.

30. ProCollect is a "third-party debt collector" as defined by § 392.001(7) of the TDCA.

31. University is a "debt collector" as defined by § 392.001(6) of the TDCA.

### **COUNT I. VIOLATION OF THE FDCPA § 1692e(2)**

32. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

33. Section 1692e of the FDCPA states:

```
A debt collector may not use any false, deceptive, or
misleading representation or means in connection with the
collection of any debt. Without limiting the general
application of the foregoing, the following conduct is a
violation of this section:
.. ..
   (2) The false representation of—
      (A) the character, amount, or legal status of
      any debt[.]
```

34. ProCollect has falsely represented the amount of the alleged debt.

### **COUNT II. VIOLATION OF TDCA § 392.304(a)(8)**

35. Plaintiff re-alleges the above paragraphs as if set forth fully in this count.

36. Section 304 of the TDCA states:

(a) Except as otherwise provided by this section, in debt collection or obtaining information concerning a consumer, a debt collector may not use a fraudulent, deceptive, or misleading representation that employs the following practices:

.. ..

    (8) misrepresenting the character, extent, or amount of a consumer debt[.]

37. ProCollect misrepresented the amount of Plaintiff's alleged debt.

38. University misrepresented the amount of Plaintiff's alleged debt.

## REQUEST FOR RELIEF

39. Plaintiff requests this Court award him:

    a. Statutory damages;

    b. Injunctive relief;

    c. Costs; and

    d. A reasonable attorney's fee.

## JURY DEMAND

Plaintiff demands trial by jury.

Respectfully Submitted,
By: <u>s/Tyler Hickle</u>
Plaintiff's Attorney

Tyler Hickle, SBN 24069916
**Law Office of Tyler Hickle, PLLC**
4005C Banister Lane, Ste. 120
Austin, TX 78704
Tel: (512) 289-3831 Fax: (512) 870-9505
tyler@hicklepllc.com